**EXHIBIT A**



**CORPORATE CREATIONS**®
Registered Agent • Director • Incorporation

**Corporate Creations Network Inc.**
801 US Highway 1 North Palm Beach, FL 33408

The Fresh Market, Inc.                                             05/21/2021
Gerald L. Walden, Jr.  Interim Head of Legal
The Fresh Market, Inc.
300 N Greene St Ste 1100
Greensboro NC 27401

# SERVICE OF PROCESS NOTICE

The following is a courtesy summary of the enclosed document(s).   **ALL information should be verified by you.**

Item: 2021-64

Note: Any questions regarding the substance of the matter described below, including the status or how to respond, should be directed to the contact set forth in line 12 below or to the court or government agency where the matter is being heard. IMPORTANT: All changes or updates to the SOP contact individuals or their contact information must be submitted in writing to SOPcontact@corpcreations.com. Any changes will become effective upon written confirmation of Corporate Creations.

| | | |
|---|---|---|
| 1. | **Entity Served:** | The Fresh Market, Inc. |
| 2. | **Title of Action:** | Jaclyn Cusimano-Jordan vs. The Fresh Market, Inc. and Hector De Leon |
| 3. | **Document(s) Served:** | Summons<br>Form 1.997. Civil Cover Sheet<br>Complaint for Damages and Demand for Jury Trial<br>Standing Order for Case Management and Submission of Agreed Case Management Plan in Civi Cases |
| 4. | **Court/Agency:** | Palm Beach County 15th Judicial Circuit Court |
| 5. | **State Served:** | Florida |
| 6. | **Case Number:** | 502021CA005690XXXXMB |
| 7. | **Case Type:** | Negligence |
| 8. | **Method of Service:** | Hand Delivered |
| 9. | **Date Received:** | Friday 05/21/2021 |
| 10. | **Date to Client:** | Friday 05/21/2021 |
| 11. | **# Days When Answer Due:**<br>**Answer Due Date:** | 20<br>Thursday 06/10/2021 | CAUTION: Client is solely responsible for verifying the accuracy of the estimated Answer Due Date. To avoid missing a crucial deadline, we recommend immediately confirming in writing with opposing counsel that the date of the service in their records matches the Date Received. |
| 12. | **Sop Sender:**<br>(Name, City, State, and Phone Number) | Julie Pagni<br>Boynton Beach, FL<br>(954) 997-4529 |
| 13. | **Shipped To Client By:** | Email Only with PDF Link |
| 14. | **Tracking Number:** | |
| 15. | **Handled By:** | 101 |
| 16. | **Notes:** | |

NOTE: This notice and the information above is provided for general informational purposes only and should not be considered a legal opinion. The client and their legal counsel are solely responsible for reviewing the service of process and verifying the accuracy of all information.  At Corporate Creations, we take pride in developing systems that effectively manage risk so our clients feel comfortable with the reliability of our service. We always deliver service of process so our clients avoid the risk of a default judgment. As registered agent, our role is to receive and forward service of process.  To decrease risk for our clients, it is not our role to determine the merits of whether service of process is valid and effective.  It is the role of legal counsel to assess whether service of process is invalid or defective. Registered agent services are provided by Corporate Creations Network Inc.

**** CASE NUMBER: 502021CA005690XXXXMB Div: AA ****

Filing # 126164811 E-Filed 05/04/2021 05:36:51 PM

IN THE CIRCUIT COURT IN AND FOR
PALM BEACH COUNTY, FLORIDA

CASE NO.:

**JACLYN CUSIMANO-JORDAN**

      Plaintiff,

vs.

**THE FRESH MARKET INC.,** and
**HECTOR DE LEON,**

      Defendant.

                               /

<u>**SUMMONS**</u>

STATE OF FLORIDA
To each Sheriff of Said State:

      **YOU ARE HEREBY COMMANDED** to serve this Summons, Interrogatories, Request to Produce, Request for Admissions and a copy of the Complaint in this action on Defendant, **THE FRESH MARKET INC.,** by serving the registered agent at:

                    Corporate Creations Network Inc.
                    801 US Highway 1
                    North Palm Beach, FL 33408

      Each Defendant is required to serve written defenses to the Complaint or petition on PAGNI LAW, PLLC, for Julie N. Pagni, Esquire, Plaintiff's attorney whose address is 9510 Listow Terrace, Boynton Beach, FL 33472; Telephone (954) 997-4529, within twenty (20) days after service of the summons on the Defendant, exclusive of the day of service, and to file the original of the defenses with the clerk of the court either before service on the plaintiff's attorney or immediately thereafter. If a defendant fails to do so, a default will be entered against that defendant for the relief demanded in the complaint or petition.

                    May 06 2021
      **DATED** this _____ day of May 2021.

                                  Clerk of the Court

                                  By: *Blake Smith*
                                  As Deputy Clerk

                                  BLAKE SMITH

Filing # 126164811 E-Filed 05/04/2021 05:36:51 PM

**FORM 1.997.   CIVIL COVER SHEET**

The civil cover sheet and the information contained in it neither replace nor supplement the filing and service of pleadings or other documents as required by law. This form must be filed by the plaintiff or petitioner with the Clerk of Court for the purpose of reporting uniform data pursuant to section 25.075, Florida Statutes. (See instructions for completion.)

**I.     CASE STYLE**

IN THE CIRCUIT COURT OF THE <u>FIFTEENTH</u>   JUDICIAL CIRCUIT,
IN AND FOR <u>PALM BEACH</u>   COUNTY, FLORIDA

<u>Jaclyn Jordan Cusimano</u>
Plaintiff

Case # _____

Judge _____

vs.
<u>The Fresh Market Inc, hector De Leon</u>
Defendant

**II.     AMOUNT OF CLAIM**

Please indicate the estimated amount of the claim, rounded to the nearest dollar. The estimated amount of the claim is requested for data collection and clerical processing purposes only. The amount of the claim shall not be used for any other purpose.

☐  $8,000 or less
☐  $8,001 - $30,000
☐  $30,001- $50,000
☐  $50,001- $75,000
☐  $75,001 - $100,000
☒  over $100,000.00

**III.     TYPE OF CASE**     (If the case fits more than one type of case,   select the most definitive category.) If the most descriptive label is a subcategory (is indented under a broader category), place an x on both the main category and subcategory lines.

- 1 -

**CIRCUIT CIVIL**

☐ Condominium
☐ Contracts and indebtedness
☐ Eminent domain
☐ Auto negligence
☒ Negligence—other
      ☐ Business governance
      ☐ Business torts
      ☐ Environmental/Toxic tort
      ☐ Third party indemnification
      ☐ Construction defect
      ☐ Mass tort
      ☐ Negligent security
      ☐ Nursing home negligence
      ☒ Premises liability—commercial
      ☐ Premises liability—residential
☐ Products liability
☐ Real Property/Mortgage foreclosure
      ☐ Commercial foreclosure
      ☐ Homestead residential foreclosure
      ☐ Non-homestead residential foreclosure
      ☐ Other real property actions

☐Professional malpractice
      ☐ Malpractice—business
      ☐ Malpractice—medical
      ☐ Malpractice—other professional
☐ Other
      ☐ Antitrust/Trade regulation
      ☐ Business transactions
      ☐ Constitutional challenge—statute or ordinance
      ☐ Constitutional challenge—proposed amendment
      ☐ Corporate trusts
      ☐ Discrimination—employment or other
      ☐ Insurance claims
      ☐ Intellectual property
      ☐ Libel/Slander
      ☐ Shareholder derivative action
      ☐ Securities litigation
      ☐ Trade secrets
      ☐ Trust litigation

**COUNTY CIVIL**

☐ Small Claims up to $8,000
☐ Civil
☐ Real property/Mortgage foreclosure

- 2 -

☐ Replevins
☐ Evictions
    ☐ Residential Evictions
    ☐ Non-residential Evictions
☐ Other civil (non-monetary)

## COMPLEX BUSINESS COURT

This action is appropriate for assignment to Complex Business Court as delineated and mandated by the Administrative Order.  Yes ☐ No ☒

**IV.    REMEDIES SOUGHT** (check all that apply):
☒ Monetary;
☐ Nonmonetary declaratory or injunctive relief;
☐ Punitive

**V.    NUMBER OF CAUSES OF ACTION:** [  ]
(Specify)

   2

**VI.    IS THIS CASE A CLASS ACTION LAWSUIT?**
    ☐ yes
    ☒ no

**VII.    HAS NOTICE OF ANY KNOWN RELATED CASE BEEN FILED?**
    ☒ no
    ☐ yes If "yes," list all related cases by name, case number, and court.

**VIII.    IS JURY TRIAL DEMANDED IN COMPLAINT?**
    ☒ yes
    ☐ no

I CERTIFY that the information I have provided in this cover sheet is accurate to the best of my knowledge and belief, and that I have read and will comply with the requirements of Florida Rule of Judicial Administration 2.425.

Signature: s/ Julie Nicole Pagni               Fla. Bar # 111459
         Attorney or party                       (Bar # if attorney)

Julie Nicole Pagni                       05/04/2021
  (type or print name)                    Date

Filing # 126164811 E-Filed 05/04/2021 05:36:51 PM

## IN THE CIRCUIT COURT OF THE 15TH JUDICIAL CIRCUIT
## IN AND FOR PALM BEACH COUNTY, FLORIDA

JACLYN JORDAN-CUSIMANO,

    Plaintiff,

v.

THE FRESH MARKET, INC., and
HECTOR DE LEON,

    Defendant.

_____/

CIVIL DIVISION

CASE NO.:

## COMPLAINT FOR DAMAGES AND DEMAND FOR JURY TRIAL

The Plaintiff, **JACLYN JORDAN-CUSIMANO**, by and through the undersigned counsel, hereby sues the Defendant, **THE FRESH MARKET, INC.**, (hereafter **"FRESH MARKET"**) and Defendant, **HECTOR DE** LEON, (hereafter **"DE LEON"**), and alleges:

1.    This is an action for damages which exceeds Thirty Thousand Dollars ($30,000.00) exclusive of interest and costs, and otherwise within this Court's jurisdictional limits.

2.    At all times material hereto, the Plaintiff, **JACLYN JORDAN-CUSIMANO**, was and is a resident of Palm Beach County, Florida, and is otherwise *sui juris*.

3.    At all times material hereto, the Defendant, **Fresh Market,** was and is a Foreign Limited Liability Company organized under the Laws of the State of Florida and doing business in West Palm Beach, Palm Beach County, Florida, including owning the subject property in Palm Beach County, Florida.

4.    Venue is proper in this County in that Defendant is located in Palm Beach County, engaged and continue to engage in business in Palm Beach County, Florida, and/or all

of the acts complained of herein occurred in Palm Beach County, Florida, including most if not all witnesses for both parties, medical treatment, and doctors, are in Palm Beach County, Florida.

5.      Defendant's contact with Florida was and is as an ongoing basis substantial, as it is continuous and systematic business contact by, including but not limited to operating a business on real property located in Palm Beach County, Florida, advertising in Florida and to Florida residents, purposeful contact with Florida residents such as Plaintiff, in Palm Beach County, contact far from an isolated incident and of which foreseeably led the cause of action herein.

6.      That on or about October 12, 2019, Plaintiff, **JACLYN JORDAN-CUSIMANO**, was a business invitee of the Defendant, **Fresh Market**'s premises located at 20409 FL-7, Boca Raton, FL 33498, in Palm Beach County.

## COUNT I - NEGLIGENCE CLAIM AGAINST FRESH MARKET

Plaintiff re-alleges and restates the allegations in paragraphs 1 through 6 as if fully set forth herein and further alleges:

7.      That at all times material hereto, and specifically on October 12, 2019, Defendant, **Fresh Market**, owned, managed, controlled, operated, and/or maintained the premises located 20409 FL-7, Boca Raton, FL 33498, in Palm Beach County.

8.      That on or about October 12, 2019, the Plaintiff, **JACLYN JORDAN-CUSIMANO,** was lawfully on Defendant's premises, when she was passing through the inside common area of the premises of **Fresh Market** when Plaintiff slipped and fell on water that was built up near and collected on the floor near a cooler or display using ice.

9.      Defendant owed to its business invitees a duty to provide a reasonably safe environment.

10.     That the Defendant, its agents, apparent agents, servants or employees, breached its duty owed to the Plaintiff by negligently maintaining its premises in the following manner:

   a.   By failing to maintain the floor of the premises in a reasonably safe condition, to wit, allowing liquids such as **water,** rain, and/or other substances to accumulate and/or leak on the floor, and to prevent dangerous conditions from occurring; and/or

   b.   By failing to warn of the dangerous condition that existed at the time of the Plaintiff's incident; and/or

   c.   Failing to place barricades, wet floor signs, or other marking devices utilized to alert customers such as the Plaintiff of the dangerous condition that existed at the time of Plaintiff's incident; and/or

   d.   By failing to remove said **water** or other similar material from the floor of the premises; and/or

   e.   By failing to inspect and/or correct the hazardous condition of the premises when the Defendant knew or should have known that the general public visits said premises and specifically the Plaintiff herein; and/or

   f.   By failing to leave a pathway that was reasonably safe for residents to utilize to transverse around the inside of the premises that was dry, clear of any object, defect, abnormal form, and/or substance on the floor, that was free from a dangerous or hazardous condition; and/or

   g.   Was otherwise negligent in the care, maintenance, inspection, and upkeep of the premises, and specifically by allowing **water,** rain, and/or a similar substance to be left on the floor of the premises so as to cause the Plaintiff's injury.

- 3 -

11.     That the Defendant knew or in the exercise of reasonable care should have known of the existence of the hazardous and dangerous condition which constituted a dangerous condition to the Plaintiff, and the condition had existed for a sufficient length of time that the Defendant knew or should have known of the condition and could have easily remedied it; and/or

12.     That the hazardous and dangerous condition which constituted a dangerous condition to the Plaintiff occurred with such frequency that owner should have known of its existence.

13.     As a direct and proximate result of the aforementioned negligence of the Defendant, Plaintiff, **JACLYN JORDAN-CUSIMANO**, slipped on a liquid substance and/or water that had accumulated on the floor and resulted in Plaintiff sustaining severe, grievous and permanent injuries, physical and mental pain and suffering, disability, physical impairment, disfigurement, mental anguish, inconvenience, loss of capacity for the enjoyment of life, loss of earnings and impairment of earning capacity and/or permanent aggravation of a pre-existing condition, and further incurred hospital bills, medical bills, and/or other bills as a result of said injuries; said injuries are either permanent or continuing in their nature and the Plaintiff, **JACLYN JORDAN-CUSIMANO**, will suffer the losses into the future.

WHEREFORE, Plaintiff, **JACLYN JORDAN-CUSIMANO**, hereby demands judgment for all recoverable damages, costs, prejudgment interest, and interest from the Defendant, **THE FRESH MARKET, INC.,** together with whatever other relief the Court deems just and appropriate.

## COUNT II - NEGLIGENCE CLAIM AGAINST DE LEON

Plaintiff re-alleges and restates the allegations in paragraphs 1 through 6 and 8-12 as if fully set forth herein and further alleges:

14.     That at all times material, Defendant, HECTOR DE LEON, was the manager of The Fresh Market where the subject incident is alleged to have occurred, located at 20409 FL-7, Boca Raton, FL 33498, in Palm Beach County.

15.     That at all times material, Defendant, HECTOR DE LEON, supervised, maintained, and/or controlled the subject property where Plaintiff was injured.

16. That at all times material, Defendant, HECTOR DE LEON, was a resident of Palm Beach County, FL.

17.     Defendant's premises at the time the incident occurred was under direct control and supervision of Defendant, HECTOR DE LEON, personally, with personal access, control, and possession of, delegation authority and responsibility for the area containing the dangerous condition, to wit water on floor.

18.     That at all times material, Defendant, HECTOR DE LEON, personally had a duty to any guest, customer, and/or business invitee like Plaintiff, to use reasonable care for safety of same, including Plaintiff.

19.     That at all times material, Defendant, HECTOR DE LEON, personally committed a tort by permitting the aforementioned defective, dangerous condition to exist/be created/linger on the floor inside the premises of Defendant FRESH MARKET,  by negligently failing to maintain the property in a reasonably safe condition, and by negligently  failing to correct, maintain, fix, or remove said dangerous condition, creating dangerous condition, and/or by failing to warn of dangerous condition, ultimately resulting in injury to Plaintiff.

- 5 -

20.     Prior to, during, and after incident, including all times material, Defendant HECTOR DE LEON, personally either knew or should have known of the dangerous condition either due to passage of time, frequency of occurrence, the creation of the condition by Defendants, through reasonable inspection and/or maintenance, and/or by the occurrence of prior similar incidents.

21.     That at all times material, Defendant, HECTOR DE LEON, was personally negligent, by failing to establish, implement, and/or follow procedures for the regular inspection and/or maintenance of the premises and/or the equipment within the premises, therefore negligently creating the dangerous/hazardous condition resulting in injury to Plaintiff.

22.     Defendant FRESH MARKET, delegated the duty of care it owed to Plaintiff, to its agent, the manager of the subject premises location, Defendant, HECTOR DE LEON.

23.     That at all times material, Defendant, HECTOR DE LEON, breached his duty through his own personal fault by allowing liquids to leak and/or accumulate on the floor for an unreasonably amount of time and/or with such high frequency that injury to others was foreseeable; failing to warn Plaintiff of condition; by creating the condition, failing to fix the known condition, failing to establish, implement, or follow, protocols to prevent the type of condition subject to this suit from occurring on the premises.

24.     That at all times material, Defendant, HECTOR DE LEON, personally responsibe for the daily satisfaction of Defendant Fresh Market's, customers, and as the individual in possession and control of the premises, Defendant had a personal duty to protect Plaintiff from known dangerous conditions on the premises.

25.     As a direct and proximate result of the aforementioned negligence of the Defendant, Plaintiff, **JACLYN JORDAN-CUSIMANO**, slipped on a liquid substance and/or

water that had accumulated on the floor and resulted in Plaintiff sustaining severe, grievous and permanent injuries, physical and mental pain and suffering, disability, physical impairment, disfigurement, mental anguish, inconvenience, loss of capacity for the enjoyment of life, loss of earnings and impairment of earning capacity and/or permanent aggravation of a pre-existing condition, and further incurred hospital bills, medical bills, and/or other bills as a result of said injuries; said injuries are either permanent or continuing in their nature and the Plaintiff, **JACLYN JORDAN-CUSIMANO**, will suffer the losses into the future.

WHEREFORE, Plaintiff, **JACLYN JORDAN-CUSIMANO**, hereby demands judgment for all recoverable damages, costs, prejudgment interest, and interest from the Defendant, **HECTOR DE LEON**, together with whatever other relief the Court deems just and appropriate.

## DEMAND FOR JURY TRIAL

The Plaintiff, **JACLYN JORDAN-CUSIMANO**, hereby demands trial by jury of all issues so triable as a matter of right.

Dated: May 4, 2021

> **PAGNI LAW, PLLC**
> Attorneys for Plaintiff
> Phone: (954) 997-4529
> Direct Phone: (954) 817-3441
> Email: pagnilaw@gmail.com
>          eservicepagnilaw@gmail.com
>
> By: /s/ *Julie Pagni*
>     **JULIE PAGNI**
>     Florida Bar No.: 111459

- 7 -